**[154] PERRY, ADM'R, v. McKINZIE AND ANOTHER.**

In appeals, the parties stand as they did before the justice, not as appellant and appellee, but as plaintiff and defendant.

Objection cannot be heard in the District Court to the service of the process of the Justice's Court; nor can the defendant set up any defense that does not go to the merits of the action.

Much indulgence is extended to the proceedings of Justices' Courts; and if they have not operated as an injury, they will be sustained. (Note 31.)

Appeal from Colorado.

*Rivers*, for appellant.

*Wilson & Quinan*, for appellee.

LIPSCOMB, J. This suit was commenced in a Justice's Court on a note given by the appellees to the appellant. The justice gave judgment for the plaintiff, and the case was taken by appeal to the District Court. The proceedings in the District Court are not easily to be understood. It appears that the appeal was dismissed and costs given against the appellee. Now, if the parties stood as appellants and appellee in the court, it would appear that the defendants were the appellants, and the plaintiff (who had obtained the judgment in the Justice's Court) appellee, and the defendants had appealed from that judgment. Then it would be an anomaly in jurisprudence to dismiss the appeal and tax the party appellee with costs of an appeal that had been taken against him. This, however, can be seen from the subsequent proceedings to have been an awkward and an erroneous entry made by the clerk. In cases of appeal from a justice's judgment, the parties stand not as appellant and appellee, but as plaintiff and defendant, precisely in the same situation that they stood in the Justice's Court; and the case should have been so docketed. It is a matter of surprise that the District **[155]** Judge should have permitted

the records to have presented so much irregularity and confusion. The bill of exceptions alone in this case can afford us any knowledge of what was done, intended to be done, and the grounds on which the judge acted. It seems the point the judge wished to get at in the case was the defective service of the summons issued from the Justice's Court. It appears to have been served by the officer by reading it to them. If the judge was of the opinion that this objection was fatal to the suit in the District Court, he could have ordered the suit to be dismissed at the cost of the plaintiff, without presenting the absurdity that is presented in the record. The terms appellants and appellee should not have found a place on his record. The case should have been docketed as plaintiff and defendants, as an original suit, and tried *de novo* under the statute. And notwithstanding the awkwardness of the entries, we must consider it here as dismissed by the court below because of the want of service on the defendants of the justice's citation or summons, and proceed to inquire whether the court below erred in dismissing the suit. The case went into the District Court by an appeal from the Justice's Court; and our statute is explicit that on such appeals the trial must be *de novo*. (Acts of 1846, 376, sec. 56.) It is conclusive that after the cause came into the District Court, it was to be tried without regard to the judgment below; and the defendant could not take any exception to a defect in the service. He was before the court, and he could only set up as a defense matters that went to the merits of the action. The service, defective as it was, had the effect to bring him into court, where his rights could be tried. And we believe that he could not then take any objection to the regularity of the citation. Much indulgence is extended to the proceedings before a justice of the peace; and if the proceedings have not operated as an injury, they will be sustained. And this is well provided against by the appeal being tried *de novo*.

Note 31.—Clay *v.* Clay, 7 T., 250; Wahrenberger *v.* Horan, 18 T., 57; Howerton *v.* Luckie, 18 T., 237; Aycock *v* Williams, 18 T., 392; Davis *v.* Pinckney, 20 T., 340; Doyle *v.* Glasscock, 24 T., 200.

